PER CURIAM.
Goodner Construction Company appeals from a summary judgment in favor of South Carolina Insurance Company on Go-odner Construction’s breach of contract action based upon a denial of coverage under its policy with South Carolina Insurance. The central issue is whether the trial court erred in granting summary judgment after determining that the damage to one of Goodner Construction’s cranes was internal, rather than external as required by the policy, thus, excluding it from coverage.
The pertinent portion of Goodner Construction’s policy provides:
“5. THIS POLICY INSURES AGAINST
“All risks of direct physical loss of or damage to the insured property from any external cause except as hereinafter provided.
“6. THIS POLICY DOES NOT INSURE AGAINST
[[Image here]]
“(e) Loss or damage due to gradual deterioration, latent defect, mechanical breakdown, wear and tear, rust, corrosion, dampness of atmosphere, freezing or extremes of temperature....”
On April 16,1981, a 1970 Pettibone crane boom owned by Goodner Construction fell and struck a concrete wall, incurring damage in excess of $23,000 and killing an employee working below the boom. South Carolina Insurance sought a judgment declaring that there was no coverage for the loss claimed by Goodner Construction. Go-odner Construction counterclaimed, alleging breach of contract, breach of a duty to act in good faith, and breach of a fiduciary relationship. The circuit court treated the case as one on a policy of property damage insurance rather than one for a declaratory judgment.
South Carolina Insurance’s motion for summary judgment was based upon the deposition of a crane expert, who testified that upon his examination of the crane after the accident he found that both hydraulic rams supporting the crane boom *21 had broken so that when the crane boom was raised, the rams would separate from the cylinder casings. South Carolina Insurance asserts that, because of this internal mechanical breakdown of the crane’s hydraulic system, the cause of the damage was internal. In opposition to the insurance company’s motion for summary judgment, Goodner Construction submitted the affidavit of Henry Mellen, an insurance agent of 15 years, who stated that the crane’s damage was a direct result of its striking the concrete wall. Goodner Construction contends that the damage was external and covered by the policy. While Mellen’s conclusory testimony with respect to insurance coverage is beyond the scope of permissible expert evidence, his testimony regarding the physical cause of damage stands in contrast to that of the insurer’s expert testimony. Because this action was pending on June 11, 1987, the “scintilla rule” applies. See Act 87-184, Ala.Acts 1987. Notwithstanding how we feel about the weight of the evidence, Mellen’s affidavit provided sufficient evidence to create the genuine issue of material fact needed to withstand summary judgment. Therefore, the judgment is reversed and the cause remanded for a trial on all counts.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.